The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701-0336
Dear Representative Dawson:
This official Attorney General opinion is rendered in response to certain questions that you have presented concerning Act 218 of 1997, which provides for an additional appointee to the board of the Arkansas Development Finance Authority (ADFA).
Before setting forth your specific questions, I will quote the particular provision of the Act with which your questions are concerned, and will state the facts which you indicate give rise to your questions.
The provision of Act 218 of 1997 that is pertinent to your questions states:
Arkansas Code 15-5-202(a) is amended to read as follows:
* * *
 (4) The additional public member added by this act shall be a public housing or community development professional actively engaged in that profession and that person must not be a member of any public housing board.
Acts 1997, No. 218, § 1.
You have stated that you sponsored the bill that became Act 218, at the request of the Arkansas Chapter of Housing and Redevelopment Officials (ACHRO), the professional organization for the public housing authorities and community development agencies in the state. The intent of the bill, you state, was to include a representative of that group of officials on the board. You indicate that you met with representatives of the ADFA and of the governor's legislative staff for the purpose of refining the wording of the bill and eliminating opposition to its purpose. At these meetings, you state, the only concern expressed was with regard to the meaning of the phrase "community development professional," as used in the form of the bill that was eventually passed. In order to address this concern, you had a representative of the ACHRO provide the ADFA officials and the governor's staff with a definition of the phrase "community development professional." That definition, which was provided in a memorandum (a copy of which you enclosed in your correspondence to my office), stated that a "community development professional," for purposes of the bill, is "a full time employee of a community development agency or department of any city in Arkansas receiving community development block grant funds from the Department of Housing and Urban Development."
Subsequent to the passage of Act 218, the governor appointed an additional member to the board of the ADFA. The new appointee is the Director of the Bentonville/Bella Vista Community Development Corporation, which you understand to have been formed as a private, non-profit 501(C)(3) corporation in order to access ADFA funds. You indicate your belief that the governor has determined that, for purposes of the definition of "community development professional" that was provided to him, a community development agency of an entitlement city is the same as a community development corporation.
In light of the foregoing scenario, you have presented the following questions:
 (1) Have the requirements of Act 218 of 1997 been met by the appointment of a community development corporation official to the ADFA board?
 (2) Does the governor's appointment create a conflict of interest based on the funding source for the community development corporation for which the appointee works?
 (3) If it is your opinion that Act 218 was properly interpreted, what changes need to be made to the Act in order to provide for the intended representation?
RESPONSE
Question 1 — Have the requirements of Act 218 of 1997 been met by theappointment of a community development corporation official to the ADFAboard?
It is my opinion that the requirements of Act 218 were met by the appointment of a community development corporation official to the ADFA board.
I must note initially that the definition of the phrase "community development professional" that was provided by the ACRHO to the governor's staff was not incorporated into the Act, nor does the Act include any other definition of that phrase. In the absence of a stated definition (and where there is no ambiguity), it is appropriate, under Arkansas law, to give the words of a statute their commonly understood meanings. Ark. Dept. of Human Serv. v. Wilson, 323 Ark. 151,913 S.W.2d 783 (1996); Caplenger v. Bluebonnet Mill. Co., 322 Ark. 751,911 S.W.2d 586 (1995). The phrase "community development professional" is used in Act 218 quite broadly, and the Act gives no indication whatsoever that the meaning of that phrase should be limited to professionals in that field who work for public entities, or that it should exclude professionals in that field who work for community development corporations.
For this reason, I conclude that the plain language of Act 218, as written, authorizes the appointment of a community development corporation official to the ADFA board.
Question 2 — Does the governor's appointment create a conflict ofinterest based on the funding source for the community developmentcorporation for which the appointee works?
It is my opinion that the governor's appointment does not, on its face, create a conflict of interest arising out of the funding source for the community development corporation for which the appointee works.
This issue is addressed by the provisions of A.C.A. § 15-5-204, which states in pertinent part:
15-5-204. Prohibition on personal interests in contracts.
 (a) No officer or employee of the authority for purpose of personal gain shall have or attempt to have, directly or indirectly, any interest in any contract or agreement of the authority in connection with the sale or purchase of any bonds or investments of the authority. The General Assembly finds and declares, in furtherance of the public purposes set forth in 15-5-201, that it shall not be deemed a violation of the provisions of this section if any member of the board of directors, or any firm owned by a member or by which a member is employed, shall participate in any program of the authority provided that such participation shall be on the same terms and subject to the same conditions governing all other participants in the program.
A.C.A. § 15-5-204(a).
Under the above-quoted section, it is clearly permissible for a board member's employer to participate in programs of the ADFA, provided that such participation is carried out on the same terms and conditions as all other participants.
I must therefore conclude that the mere appointment of a board member whose employer competes for ADFA funds does not, in and of itself, create an impermissible conflict of interest. Such a conflict would arise if the appointee's employer were found to be competing for those funds on terms and conditions that were different from those applied to other participants.
Question 3 — If it is your opinion that Act 218 was properlyinterpreted, what changes need to be made to the Act in order to providefor the intended representation?
It is my opinion that if a particular representation on the board was intended by Act 218, that result can only be accomplished if the Act is amended to specify such an intent. Specification of this nature can be accomplished both by defining the terms used to describe the group from which appointments are to be made, and by explicitly stating the intended result.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh